UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KELLY ANNE WALTERS,<br><br>Defendant. | Case No. 1:19-cr-00177-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Kelly Anne Walter's Motion for Compassionate Release. Dkt. 30. The Government opposes the motion. Dkt. 32. After considering the briefing and record, the Court will deny the motion.

# BACKGROUND

On July 1, 2019, Walters pled guilty to Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and, on November 8, 2019, was sentenced to 126 months incarceration followed by 10 years' supervised release. Walters used various social medial accounts to communicate with numerous juvenile males, assuming her teenaged daughter's identity during the communications. Walters' communications with the juvenile males involved sexually explicit

conversations with the victims, including text messages, telephone calls, and one voicemail. As part of the conversations, Walters sent the victims sexually explicit images of female breasts and genitalia and represented that they were of her.

Walters has served approximately 26 months of her sentence. Her projected release date is November 27, 2028. Notably, Walters's guideline range was 135 to 168 months, yet the Court granted her a significant variance because of her mental health issues.

Walters, who is currently 43 years old, tested positive for COVID-19 on December 14, 2020, and subsequently recovered. Dkt. 32-1. The medical records also indicate that the Defendant received the first dose of the Pfizer COVID-19 vaccine on May 26, 2021, and the second dose on June 16, 2021. Walters alleges she suffers from asthma, obesity, hypertension, cholesterol (the Defendant does not specify whether she allegedly suffers from high or low cholesterol), rapid heartbeat, and past Covid-19 symptoms. Dkt. 30. But the medical records do not indicate that Walters has been diagnosed with any of the other conditions she alleges in her motion – although her reporting of her current weight might qualify her as obese.

Walters is currently incarcerated at FCI Dublin, which houses 759 inmates (666 inmates at the FCI and 93 inmates at the Camp). At present, there are six

MEMORANDUM DECISION AND ORDER - 2

inmates who are reported positive. https://www.bop.gov/coronavirus/ (last accessed January 5, 2022). There has not been a COVID-related death at this institution.

## LEGAL STANDARD

Walters seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Walters requested compassionate release from the warden of her facility, which was denied on June 1, 2021. Therefore, her motion is ripe for consideration.

**MEMORANDUM DECISION AND ORDER - 3**

The § 3553(a) factors do not warrant a reduction of Walters's sentence. Walters has served 26 months of her sentence. Walter's crime went beyond merely receiving images of child pornography: she engaged in a long-term, sophisticated scheme, of manipulating and controlling several minor victims over a lengthy time period. Walters engaged in sexually explicit conversations with numerous minor males and requested and received sexually explicit images from three different minor children. Walters accomplished her crime by misrepresenting her identity and posing as her teenaged daughter – and then tried to blame her daughter for the conduct when confronted by law enforcement. The Court granted Walters a significant variance at sentencing and finds that the § 3553(a) factors do not warrant a further reduction. Further, the Court has considered Walters's post-sentence conduct and medical history and finds that they do not significantly alter the § 3553(a) analysis.

Walters's health conditions may constitute extraordinary and compelling circumstances, but they do not outweigh the § 3553(a) analysis. This is particularly true given the Walter's medical records do not establish she presents a medical condition, other than possibly obesity, which according to CDC guidance, places her at enhanced risk due to the current pandemic. Further, Walters contracted COVID-19 and recovered. Finally, Walters has received two doses of the Pfizer

MEMORANDUM DECISION AND ORDER - 4

COVID-19 vaccine, as has over 90 percent of the inmates in her facility.

## ORDER

**IT IS ORDERED** that Kelly Anne Walters's Motion for Compassionate Release (Dkt. 30) is DENIED.

DATED: January 12, 2022

B. Lynn Winmill
U.S. District Court Judge